UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:18-CR-00518-CDP |
| JENNIFER L. SAAKE, | ) ) ) |
| Defendants. | ) |

**DEFENDANT'S RESPONSE TO**
**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant, Jennifer Saake, by and through her undersigned counsel, files this limited response to the Government's Sentencing Memorandum herein.

1.   In its Memorandum, the Government says that the "Eighth Circuit is clear that probationary sentences for large frauds are unreasonable" and cites, in support of that statement, a 2006 case reversing a sentence of probation. *See* Government's Memorandum at ¶ 9 (citing *United States v. Givens*, 443 F.3d 642 (8th Cir. 2006)). The Government's statement describes an outdated and legally-erroneous position that the Eighth Circuit once held in the immediate aftermath of *Booker*[1] but one to which that Court no longer adheres. *See United States v. Cole*, 765 F.3d 884 (8th Cir. 2014) (affirming sentence of probation after a trial where guidelines range was 135 to 168 months).[2]

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

[2] Interestingly, in *Givens*, a case the Government cites to support its statement that probationary sentences for large frauds are unreasonable, on remand the District Court sentenced the defendant to 3 months incarceration, plus the 12 months home confinement the defendant had already served. *See United States v. Givens*, Case No. 8:04-CR-00478-JFB-TDT (D.Neb. Nov. 22, 2006) at Doc. 43. It does not appear that the Government appealed.

2.      The Government's citation to *United States v. Negroni*, 638 F.3d 434 (3d Cir. 2011) is misleading.  *See* Government's Memorandum at ¶ 9.  In that case, the Court of Appeals vacated a sentence of probation (including nine months home confinement) where the guidelines called for 70 to 87 months imprisonment.  The Court did not say the sentence was unreasonable, but remanded the case to the District Court to provide a more complete explanation for its decision.  *Negroni*, 638 F.3d at 447.  On remand the District Court again sentenced the defendant to probation with nine months home confinement.  *See United States v. Negroni*, Case No. 2:08-CR-00550-TJS (E.D.Pa. Jan. 12, 2012) at Doc. 223.  The Government did not appeal.

3.      The Government's arguments in paragraphs 10 through 13, and paragraph 15, of its Memorandum rely on inapplicable legal authority and fail to recognize the difference between a departure under the Sentencing Guidelines and a variance pursuant to 18 U.S.C. §3553(a).  While some of the factors which Ms. Saake identified in her sentencing memorandum do, in fact, constitute "disfavored" bases for a *departure* under the Guidelines, Ms. Saake does not seek a departure.  She seeks a variance, which is not the same:

> Variances do differ from departures . . . . Factors ordinarily considered irrelevant in calculating the advisory guideline range, or in determining whether a guideline departure is warranted, can be relevant in deciding whether to grant a variance.

*United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009).

Indeed, in this case, the Probation Office itself suggested some of the factors discussed by Ms. Saake in support of her sentencing position that "may warrant a variance and imposition of a non-guideline sentence."  PSR at ¶ 90.

**CAPES SOKOL GOODMAN
& SARACHAN, P.C.**

**By: /s/ Sanford J. Boxerman**
    Sanford J. Boxerman #37436MO
    7701 Forsyth Blvd., Suite 1200
    St. Louis, Missouri 63105
    (314) 721-7701 (telephone)
    (314) 721-0554 (facsimile)
    boxerman@capessokol.com

*Attorneys for Defendant Jennifer L. Saake*

Certificate of Service

    I hereby certify that the foregoing was filed on October 23, 2018 and served upon all counsel of record herein via the Court's CM/ECF system.

**/s/ Sanford J. Boxerman**